## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JUDGE SULLIVAN

IRAIDA LUNA,                          )
                                      )
            Plaintiff,                )
                                      )     No **08  CV  0320**
      v.                              )
                                      )
CREDIGY RECEIVABLES, INC., *and*      )
CREDIGY SERVICES CORP.,               )
                                      )     JURY DEMANDED
            Defendants.               )

JAN 14 2008
U.S.D.C. S.D. N.Y.
CASHIERS

### Complaint for violations of the
### Fair Debt Collection Practices Act and the Fair Credit Reporting Act

#### *Introduction*

1.     Iraida Luna seeks redress for the unfair and deceptive practices of Credigy

Receivables, Inc. and Credigy Services Corp. (collectively, "Defendants"), committed in

violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and New York General Business

Law ("GBL") § 349.

2.     As a result of Defendants' actions, Luna has suffered stress, headaches, anxiety,

difficulty eating, and trouble sleeping.

#### *Jurisdiction and Venue*

3.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C.

§§ 1681, *et seq.*, and 1692, *et seq.*

4.     This Court has supplemental jurisdiction under 28 U.S.C § 1367(a).

5.     Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, in this district.

6.    Venue is also proper in this district because Defendants transact business in this district and the interests of justice require maintenance of this action in this district.

### *Parties*

7.    At all pertinent times, Iraida Luna was and remains an individual domiciled in the State of New York, County of The Bronx.

8.    Iraida Luna is a "consumer," as that term is defined by § 1692a(3) of the FDCPA.

9.    The alleged debt that Defendants sought to collect from Plaintiff is a "debt," as that term is defined by § 1692a(5) of the FDCPA.

10.    Defendants are regularly engaged in the business of collecting debts allegedly owed by consumers through collection letters, telephone calls, and litigation.

11.    Credigy Receivables Inc. is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

12.    Credigy Receivables Inc. is a Nevada corporation that does business in New York State.

13.    Credigy Receivables Inc.'s offices are in Suwanee, Georgia.

14.    Upon information and belief, Credigy Receivables, Inc. is both a "person" and a "user" of consumer credit and other financial information, as those terms are defined and contemplated respectively, under the FCRA.

15.    Credigy Services Corp. regularly sends collection correspondence into this district in attempting to collect moneys from New York City residents.

16.    Credigy Services Corp. regularly causes suits to be filed against New York City residents in the New York City Civil Courts in the name of its affiliate company, Credigy Receivables Inc.

17.    Credigy Services Corp. is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

18.    Credigy Services Corp. is a Nevada corporation that does business in New York State.

19.    Credigy Services Corp.'s offices are in Suwanee, Georgia.

20.    Upon information and belief, Credigy Receivables, Inc. is both a "person" and a "user" of consumer credit and other financial information, as those terms are defined and contemplated respectively, under the FCRA.

21.    Credigy Services Corp. regularly sends collection correspondence into this district in attempting to collect moneys from New York City residents.

22.    Credigy Services Corp. regularly causes suits to be filed against New York City residents in the New York City Civil Courts in the name of its affiliate company, Credigy Receivables Inc.

### Facts

### Defendants sue Luna, but when forced to produce discovery, Defendants agree to discontinue with prejudice

23.    In 2006, Defendants attempted to collect an alleged debt from Plaintiff by hiring a debt-collection law firm, Forster & Garbus, to file suit.

24.    On or about March 27, 2006, Forster & Garbus filed suit in New York City Civil Court, County of The Bronx, against Iraida Luna.

25.    The case name was *Credigy Receivables, Inc. a/p/o Discover v. Iraida O. Luna*, Index No. 24758/2006.

26.    In the Civil Court complaint, Credigy Receivables, Inc. claimed to have

purchased the alleged debt from Discover.

27.    Luna, through her attorneys, the Bromberg Law Office, P.C., answered the complaint and served discovery demands.

28.    Instead of answering the discovery demands or seeking to prove their case, Defendants agreed to discontinue the case with prejudice.

29.    On or about August 9, 2006, Defendants discontinued the case *Credigy Receivables, Inc. a/p/o Discover v. Iraida O. Luna*, Index No. 24758/2006, with prejudice.  A copy of the stipulation of discontinuance with prejudice is attached as Exhibit A.

### *Defendants impermissibly pull Luna's credit*

30.    Upon information and belief, on a date before April 2007, Defendants and Trans Union LLC entered into a written subscriber agreement in which Trans Union LLC agreed to, among other things, provide "consumer reports" (as said term is defined under the FCRA) to Defendants for certain permissible and lawful purposes described under the FCRA and set forth in said written subscriber agreement.

31.    Upon information and belief, in April 2007, Defendants requested, obtained and used Plaintiff's consumer report from Trans Union LLC.

32.    Upon information and belief, Defendants did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report from Trans Union LLC, and therefore, Defendants' request, acquisition and use of Plaintiff's consumer report was in violation of the FCRA.

33.    Defendants' failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer report was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.  As a result of said conduct, Plaintiff has been damaged.

34.     Defendants' failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer report was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA. As a result of said conduct, Plaintiff has been damaged.

35.     Defendants' request for, acquisition of and use of the Plaintiff's consumer report constituted the knowing and willful obtaining of information on a "consumer" (as said term is defined under the FCRA) from a consumer reporting agency under false pretenses, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA. As a result of said conduct, Plaintiff has been damaged.

### Defendants start sending Luna dunning letters again

### Defendants' February 20, 2007 Letter

36.     On or about February 20, 2007, Defendants sent Luna a letter claiming that she owed $5,073.77 to Credigy Receivables Inc., a copy of which is attached as Exhibit B.

37.     Defendants knew that Luna was represented by counsel because Luna's attorney, Brian L. Bromberg of the Bromberg Law Office, P.C., answered the Civil Court complaint, sent Plaintiff's attorneys, Forster & Garbus, discovery demands, and entered into a stipulation of discontinuance with prejudice.

38.     Luna did not owe the money demanded by Defendants in the February 20, 2007 letter.

39.     Defendants knew or should have known that Luna did not owe the money demanded by Defendants in the February 20, 2007 letter.

### Defendants' June 6, 2007 Letter

40.     On or about June 6, 2007, Defendants sent Luna a letter claiming that she owed $5,145.42 to Credigy Receivables Inc., a copy of which is attached as Exhibit C.

41.     Defendants knew that Luna was represented by counsel because Luna's attorney, Brian L. Bromberg of the Bromberg Law Office, P.C., answered the Civil Court complaint, sent Plaintiff's attorneys, Forster & Garbus, discovery demands, and entered into a stipulation of discontinuance with prejudice.

42.     Luna did not owe the money demanded by Defendants in the June 6, 2007 letter.

43.     Defendants knew or should have known that Luna did not owe the money demanded by Defendants in the June 6, 2007 letter.

### Defendants hire another collection agency to collect a nonexistent debt from Luna

44.     In July or August 2007, Defendants sent Luna's account out to another collection agency, First National Collection Bureau, Inc. ("FNCB"), to collect on Defendants' behalf.

45.     Upon information and belief, when Defendants sent the account to FNCB for collection, Defendants failed to advise FNCB that Luna was represented by counsel.

46.     Upon information and belief, when Defendants sent the account to FNCB for collection, Defendants falsely advised FNCB that Luna owed more than $5,000 to Defendants.

47.     Defendants knew or should have known that Luna did not owe them any money when they sent Luna's account out to FNCB for collection.

48.     On or about August 9, 2007, FNCB sent Luna a letter claiming that she owed $5,194.53 to Credigy Receivables Inc., a copy of which is attached as Exhibit D.

49.     Within thirty days of receiving the August 9, 2007 letter, Luna sent FNCB a letter advising them that she did not owe the debt.

50.     Upon information and belief, FNCB sent the Luna's account back to Defendants, advising Defendants that Luna was disputing the debt.

### Defendants' November 14, 2007 Letter

51.    On or about November 14, 2007, Defendants sent Plaintiff another letter, this time demanding payment of $5,293.56.

52.    Again, Defendants knew that Luna was represented by counsel because Luna's attorney, Brian L. Bromberg of the Bromberg Law Office, P.C., answered the Civil Court complaint, sent Plaintiff's attorneys, Forster & Garbus, discovery demands, and entered into a stipulation of discontinuance with prejudice.

53.    Luna did not owe the money demanded by Defendants in the November 14, 2007 letter.

54.    Defendants knew or should have known that Luna did not owe the money demanded by Defendants in the November 14, 2007 letter, a copy of which is attached as Exhibit E.

55.    As a result of Defendants' actions, Luna has suffered stress, headaches, anxiety, difficulty eating, and trouble sleeping.

### COUNT I
### Negligent Violation of the FCRA against Defendants

56.    Plaintiff restates and reiterates herein all previous paragraphs.

57.    Under 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

58.    Under § 1681b(f), a person, including a corporation, may not use or obtain a consumer report for unauthorized purposes.

59.    By obtaining Plaintiff's consumer report in April 2007 without a permissible purpose, Defendants violated the FCRA.

60.    As a result of Defendants' negligent failure to comply with the FCRA, Defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of said failure; and (ii) the costs of this action together with reasonable attorneys' fees.

61.    Plaintiff has suffered harm including, but not limited to: (i) damage to her valuable credit report by an additional, unnecessary inquiry; (ii) inconvenience and embarrassment associated with an entity pulling and viewing her private credit information without a permissible purpose; and (3) legal expenses.

WHEREFORE, Plaintiff Iraida Luna requests that judgment be entered in her favor, and against Receivables Specialist, Inc. and Howard Serkin, as follows:

> (A)    Actual damages according to 15 U.S.C. § 1681o;
>
> (B)    Reasonable attorneys' fees and costs; and
>
> (C)    Any other relief deemed necessary and appropriate under the circumstances.

## COUNT II
### *Intentional Violation of the FCRA against Defendants*

62.    Plaintiff restates and reiterates herein all previous paragraphs.

63.    Under 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of

the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

64.    Under § 1681b(f), a person, including a corporation, may not use or obtain a consumer report for unauthorized purposes.

65.    By obtaining Plaintiff's consumer report in April 2006 without a permissible purpose, Defendants violated the FCRA.

66.    As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

WHEREFORE, Plaintiff Iraida Luna requests that judgment be entered in her favor, and against Receivables Specialist, Inc. and Howard Serkin, as follows:

(A)    Actual and statutory damages according to 15 U.S.C. § 1681n;

(B)    Punitive damages;

(C)    Reasonable attorneys' fees and costs; and

(D)    Any other relief deemed necessary and appropriate under the circumstances.

## COUNT III
### *False Pretenses Violation of the FCRA against Defendants*

67.    Plaintiff restates and reiterates herein all previous paragraphs.

68.    Under 15 U.S.C. § 1681n and 15 U.S.C. § 1681q, any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

69.    By obtaining Plaintiff's consumer report in April 2006 under false pretenses, Defendants violated the FCRA.

70.    As a result of Defendants' knowing and willful request and receipt of information on Plaintiff from a consumer reporting agency under false pretenses, Defendants are liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

71.    Plaintiff has suffered harm including, but not limited to: (i) damage to her valuable credit report by an additional, unnecessary inquiry; (ii) inconvenience and embarrassment associated with an entity pulling and viewing her private credit information without a permissible purpose; and (3) legal expenses.

WHEREFORE, Plaintiff Iraida Luna requests that judgment be entered in her favor, and against Defendants, as follows:

(A)    Actual damages according to 15 U.S.C. § 1681n;

(B)    Punitive damages;

    (C)    Reasonable attorneys' fees and costs; and

    (D)    Any other relief deemed necessary and appropriate under the circumstances.

## COUNT IV
### *Fair Debt Collection Practices Act Violations by Defendants*

72.    Plaintiff repeats and realleges each and every allegation contained in the

foregoing paragraphs with the same force and effect as though fully set forth herein.

73.    Defendants violated FDCPA § 1692c, and its subsections.

74.    Defendants violated FDCPA § 1692d, and its subsections.

75.    Defendants violated FDCPA § 1692e, -e(2), -e(5), -e(8), and -e(10).

76.    Defendants violated FDCPA § 1692f and -f(1).

77.    Defendants violated FDCPA § 1692g, and its subsections.

WHEREFORE, Plaintiff Iraida Luna respectfully requests that this Court grant the

following relief in her favor and against Creditors Interchange as follows:

    (A)    Statutory damages as provided by FDCPA § 1692k;

    (B)    Actual damages as provided by FDCPA § 1692k;

    (C)    Declaratory relief in the form of a court order stating that the above actions violated the FDCPA;

    (D)    Attorneys' fees, litigation expenses, and costs; and

    (E)    Any other relief that this Court deems appropriate under the circumstances.

## COUNT V
### *Violations of New York General Business Law § 349 against Defendants*

78.    Plaintiff hereby restates, realleges, and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this Count.

79. Under New York General Business Law § 349, deceptive acts or practices in the

conduct of any business conducted in the State of New York are unlawful.

80. GBL § 349 provides in relevant part as follows:

*Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

> h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

81. By unlawfully puling Luna's credit report and continuing to dun her directly for

sums she does not owe – even though she is represented by counsel – Defendants have caused

Luna to suffer actual injury in the form of emotional distress.

82. On information and belief, Defendants regularly utilize deceptive practices as

described herein in an attempt to collect consumer debts.

83. Defendants' actions have a broad impact on New York consumers at large.

84. As a direct and proximate result of Defendants' deceptive acts and practices,

committed in violation of GBL §349, Luna was damaged in that she, among other things,

suffered stress and anxiety as a result of Defendants' actions.

WHEREFORE, Plaintiff Iraida Luna respectfully requests that this Court enter judgment

in their favor against Defendants as follows:

(A) Actual damages;

(B) Punitive damages;

-12-

(C)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D)    Injunctive relief; and

(E)    Any other relief that this Court deems appropriate and just under the circumstances.

### Jury Demand

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       January 14, 2008

Respectfully Submitted,

By: _____
Brian L. Bromberg
One of Plaintiff's Attorneys

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

# Exhibit A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X    Index No. 24758/06

CREDIGY RECEIVABLES, INC
A/P/O DISCOVER,

                              Plaintiff,

                                                          **STIPULATION**
            -against-                          **DISCONTINUING ACTION**
                                                      **WITH PREJUDICE**

IRAIDA O. LUNA
1316 w. Farms Rd., Apt. 2C
Bronx, New York 10459
                              Defendant.          Account No. 18210137789
------------------------------------------------------------------X

     **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the

attorneys of record for all the parties to the above entitled action, that whereas no party hereto is

an infant, incompetent person for whom a committee has been appointed or conservator, and no

person not a party has an interest in the subject matter of the action, the above entitled action be,

and the same hereby is discontinued with prejudice, without costs to either party as against the

other. This stipulation may be filed without further notice with the Clerk of the Court.

Dated: Farmingdale, New York
     August 9, 2006


BROMBERG LAW OFFICE, P.C                    FORSTER & GARBUS, ESQ.

By: _____              By: _____
   Brian L. Bromberg Esq.                       Edward J. Damsky, Esq.
   Attorneys for Defendant                      Attorneys for Plaintiff
   40 Exchange Place, Suite 2010                500 Bi-County Blvd., Suite 300
   New York, NY 10005                           Farmingdale, NY  11735
                         (631) 293-9400


(PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO ADVISE YOU
THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION WE OBTAIN WILL BE

# Exhibit B

**CREDIGY SERVICES CORP.**

74 113 00020803 A 443014

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

PO Box 2689 • Suwanee, GA 30024

866-990-9972

02/20/2007

IRAIDA O LUNA
1316 W FARMS RD APT 2C
BRONX NY 10459-1640

Our Client/Current Creditor: CREDIGY RECEIVABLES INC.
Original Creditor:              DISCOVER CARD
Original Account Number:       6011002250191137
Balance as of today:           $5,073.77

I am writing on behalf of my client, CREDIGY RECEIVABLES INC., to offer you a great opportunity to resolve your account balance which has been outstanding for some time. Tax season is a great time of year for individuals who receive tax refunds to use those funds to pay off old accounts and continue the new year with peace of mind that you have taken positive steps toward getting back on the road to recovery.

**For a limited time during this tax season only**, we have received authorization from our client to offer reduced settlements and/or exceptional payment arrangements. We have never been in a better position to negotiate a settlement arrangement with you. Take advantage of this opportunity to:

- Resolve your delinquent balance
- Settle your account for a reduced amount
- Extinguish your account balance using an extended installment plan
- Eliminate further phone calls and letters.

In light of the authorization that we have received from our client to negotiate these accounts, we want to help you determine a way for you to put this lingering balance behind you.

We only have been given this authorization from our client to extend these special settlement arrangements during tax season  This authorization will expire soon. Please contact our office for more details on the specific arrangements that we are able to offer you to resolve your account.

## NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Sincerely,

CREDIGY SERVICES CORP.

PAULO PERES

Collections Manager

**This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

TX02_C3CP1.V1
CRD.WRD
#443014

Exhibit C

76 134 00023961 462440

**CREDIGY SERVICES CORP**

PO Box 2689 • Suwanee, GA 30024

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

866-990-9972

06/06/2007

IRAIDA O LUNA
1316 W FARMS RD APT 2C
BRONX NY 10459-1640

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | DISCOVER CARD |
| Original Account Number: | 6011002250191137 |
| Balance as of today: | $5,145.42 |

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by DISCOVER CARD identified above. Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼          \*\*\* Please detach And Return Bottom Portion With Payment \*\*\*          ▼ Detach Here ▼

"I want to settle this Account!"

Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $2,829.98 which represents 55% of your outstanding balance as a settlement in full on your former DISCOVER CARD account (Account No. 6011002250191137) now owned by CREDIGY RECEIVABLES INC. (Account No. 10137789). If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____          Dated: _____

IRAIDA O LUNA
(Account No. 10137789)

Important: If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

DD02_CSC.V1
CRD.WFD
#462440

Exhibit D



ADDRESS SERVICE REQUESTED

#BWNFTZF #FNC6562605007086#

l..lllll....l...l.l.l.l.l....ll.ll.l...ll.l....l..l.l.l...l.l.l.l.l

PERSONAL & CONFIDENTIAL
IRAIDA O LUNA
APT 2C
1316 W FARMS RD
BRONX NY 10459-1640

# First National Collection Bureau, Inc.

610 Waltham Way ◆ Sparks, NV 89434
(800) 824-6191

August 9, 2007

Office Hours: Mon. 7 a.m. - 5 p.m.,
Tues. - Fri. 7 a.m. - 7 p.m., Sat. 8 a.m. - 12 noon
Pacific Standard Time

**Please remit all correspondence
to the above address**

Account #:    10137789
Creditor:     CREDIGY RECEIVABLES, INC.
Original Creditor: DISCOVER
Amount Of Claim(S): $5194.53
Interest:     $0.00
Other:        $0.00
Total Due:    $5194.53

This has been sent to you by a collection agency, First National Collection Bureau, Inc., regarding your account with: CREDIGY RECEIVABLES, INC.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. At your request in writing, within thirty (30) days, we will provide you with the name and address of the original creditor if different from the current creditor.

If you do not dispute this debt or any portion thereof, you are requested to mail in $5194.53 to resolve this matter. If you are unable to remit payment in full, call First National Collection Bureau, Inc. at (800) 824-6191 and make appropriate arrangements to pay this obligation of our client. One of our specially trained representatives will help you customize a repayment plan.

Please return this correspondence with your payment.

For your convenience you may pay via a check over the phone or credit card.

Sincerely,

First National Collection Bureau, Inc.
1-800-824-6191

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Change Of Address_____    City_____    State____ Zip_____

Home Telephone #:_____    Business Phone:_____

| IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW |
|---|
| ☐ VISA  ☐ ☐  ☐ DISCOVER  ☐ AMERICAN EXPRESS |
| CARD NUMBER          EXP DATE      AMOUNT |
| Print name as it appears on card |
| SIGNATURE           MUST INCLUDE ZIP CODE FROM STATEMENT |

**Payment by Credit Cards - Transaction Fees**
MasterCard, Visa and Discover: $5.00 per $150.00
American Express: $7.00 per $150.00

**$50 minimum is required for credit card payments.**

FNC26PF1-0808H206926-JVD2-2 8990

# Exhibit E

*Mailing Service Return Address Only*
4385831P

60 99 00018661 496619

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

866-990-9972

**CREDIGY SERVICES CORP**

PO Box 2689 • Suwanee, GA 30024

11/14/2007

IRAIDA O LUNA
1316 W FARMS RD APT 2C
BRONX NY 10459-1640

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES IN |
| Original Creditor: | DISCOVER CARD |
| Original Account Number: | 6011002250191137 |
| Balance as of today: | $5,293.56 |

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by DISCOVER CARD identified above. Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼          **\*\*\* Please detach And Return Bottom Portion With Payment \*\*\***          ▼ Detach Here ▼

"I want to settle this Account!"

Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $3,970.17 which represents 75% of your outstanding balance as a settlement in full on your former DISCOVER CARD account (Account No. 6011002250191137) now owned by CREDIGY RECEIVABLES INC. (Account No. 10137789). If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____          Dated: _____
    IRAIDA O LUNA
    (Account No. 10137789)

Important: If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

DD02 CACCR VE
CRD WFD
6496619